IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30832
Conference Calendar
_____

LIONEL CUREAUX, SR.,

                                        Plaintiff-Appellant,

versus

GINGER BERRIGAN, U.S. District Judge

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-1705-E
- - - - - - - - - -
December 9, 1997

Before BARKSDALE, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Lionel Cureaux, Sr., federal prisoner # 23888-034, proceeding pro se and in forma pauperis (IFP), brought this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against United States District Judge Ginger Berrigan. Cureaux, who appeals the dismissal of his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2(B)(i), contends that Judge Berrigan denied him access to the courts and violated his constitutional right to due

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

process by dismissing his 28 U.S.C. § 2255 motion because Cureaux's direct appeal of his conviction was pending. Cureaux asserts that the district court erred in dismissing his complaint as frivolous because Judge Berrigan is not immune from his claims for attorney's fees and injunctive relief.

The district court may dismiss an IFP complaint as frivolous pursuant to § 1915(e)(2)(B)(i) if it lacks an arguable basis in law or in fact. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997). We review a dismissal as frivolous pursuant to § 1915(e) for an abuse of discretion. Moore v. Mabus, 976 F.2d 268, 270 (5th Cir. 1992).

Cureaux does not challenge the district court's determination that Judge Berrigan is entitled to absolute judicial immunity against his damages claims. See Krueger v. Reimer, 66 F.3d 75, 76-77 (5th Cir. 1995) (Judges are absolutely immune from damages for acts performed in the exercise of judicial functions.). Accordingly, Cureaux has abandoned this claim. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987)(issues not asserted on appeal are abandoned).

Cureaux's contention that he is entitled to attorney's fees and injunctive relief because Judge Berrigan dismissed his § 2255 motion without prejudice while his direct criminal appeal was pending lacks an arguable basis in law and is frivolous. Fassler v. United States, 858 F.2d 1016, 1019 (5th Cir. 1988). The

district court did not abuse its discretion by dismissing Cureaux's complaint as frivolous. <u>Norton</u>, 122 F.3d at 291.

Cureaux's appeal is without arguable merit and is frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. <u>See</u> 5TH CIR. R. 42.2. We caution Cureaux that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Cureaux is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED.